STATE of Minnesota, Respondent,

v.

Teresa Francis OLSON and Julie Marie Johnson, Petitioners–Appellants.

No. 50719.

Supreme Court of Minnesota.

Sept. 5, 1980.

Nancy Olkon, Mark V. Lofstrom, Minneapolis, for petitioners–appellants.

Warren Spannaus, Atty. Gen., St. Paul, Gary Gandrud, City Atty., and Gordon G. Mohr, Asst. City Atty., Bloomington, for respondent.

SCOTT, Justice.

This is an appeal, with leave of this court, from a decision of a three–judge panel of the district court affirming defendants' convictions for prostitution, in violation of Bloomington Code of Ordinance, § 12.-06(a)(1).[1] Defendants contend that their prosecutions should have been dismissed because (a) the policy of the Bloomington Police Department in enforcing this ordinance discriminates against women and in favor of men, and (b) the ordinance is unconstitutionally vague. We affirm.

Under *City of Minneapolis v. Buschette*, 307 Minn. 60, 240 N.W.2d 500 (1976), a defendant charged with prostitution is entitled to a dismissal if he or she can

1. This ordinance provides that "No person in the City of Bloomington shall: (1) Commit or offer or agree to commit a lewd act or an act of prostitution or moral perversion."

prove, at a pretrial hearing and by a clear preponderance of the evidence, intentional and purposeful discrimination in enforcement of the law. Defendants in this case proved, through use of comparative arrest statistics, that there was "selective enforcement," but failed to prove a conscious, intentional purpose to discriminate. The disparity in the number of arrests of men as opposed to women is accounted for by a neutral departmental policy of giving a low priority to enforcement of prostitution laws and responding only to complaints. Since the complaints were almost all from hotels and only concerned the activity of female prostitutes who were soliciting, the department's policy was to send male officers to the complaining hotels to act as decoys and arrest the prostitutes working there. The record indicates that if the department were to receive complaints concerning male customers, it would send female decoys to the hotel, but that no such complaints had been received. Under the circumstances, and since the department had no conscious or purposeful intent to discriminate, the municipal court and the district court both held that defendants had not proved discriminatory enforcement. We agree.

■ There is no merit to defendants' contention that the prostitution ordinance is unconstitutionally vague. As stated by both the municipal court and the district court, "prostitution" is a word with a commonly understood objective meaning about which intelligent people do not differ.

Affirmed.